UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO MALDONADO,

Plaintiff,

v.

NEIL H. ADLER, et al.,

Defendants.

_________________________________/

CASE NO. 1:10-cv-01170-MJS (PC)

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

(ECF No. 9)

PLAINTIFF'S AMENDED COMPLAINT DUE JUNE 30, 2011

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

On July 1, 2010, Plaintiff Antonio Maldonado, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (ECF No. 1). Plaintiff has consented to a Magistrate Judge handling all aspects of this case. (ECF No. 7). Plaintiff's First Amended Complaint is before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III. PLAINTIFF'S CLAIMS

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See 403 U.S. at 397. To state a claim, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

Plaintiff alleges the following:

He was diagnosed with a hernia so painful it left him unable to work. (Compl. at 4). He repeatedly requested the medical staff at Taft Correctional Institution perform corrective surgery. (Compl. at 8). His requests were denied by prison officials. (Compl. at 9). The only reason given for denying surgery was that the procedure was not offered at Taft. (Compl. at 5).

Plaintiff identifies as defendants Neil H. Adler, Warden, Dr. Rucker Burnett, medical department, and Lauri Watts, Main Medical Supervisor, all of whom are officials at Taft. Plaintiff alleges that these Defendants violated his Eighth Amendment rights by not conducting the surgery he requested.

**A. Bivens Linkage Requirement**

Plaintiff must allege facts showing how the individually named defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981): see also Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D. Idaho March 7, 1996) ("A person deprives another of a constitutional right, within the meaning of Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n. 58 (1978); see also Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to Bivens actions).

Plaintiff alleges that Dr. Rucker personally examined him and denied his request for surgery. (Compl. at 5). He also alleges that the procedure needed Lauri Watts's approval. (Compl. at 6). The Complaint alleges that Defendant Watts was specifically aware of Plaintiff's diagnosis, his pain, and his requests for surgery, and personally denied his requests. (Compl. at 2, 6).

In contrast, the Complaint does not allege that Warden Adler personally took any action to violate Plaintiff's constitutional rights. The Complaint asserts only that Warden Adler is responsible for the constitutional violation by virtue of his position as Warden. (Compl. at 4). There are no allegations that Warden Adler made an affirmative act or omission to violate Plaintiff's rights. As such, Plaintiff has failed to state a claim against Warden Adler. The Court will give Plaintiff leave to amend to try to state a claim against Warden Adler. To do so he needs to set forth sufficient truthful facts showing that Adler personally took some action that violated his constitutional rights. The mere fact that he is the chief authority at Taft is not enough.

**B. Inadequate Medical Care**

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The attachments[1] to Plaintiff's First Amended Complaint show that Plaintiff was diagnosed with a reducible early right inguinal hernia.[2] (Compl. at 14, 19-21, 25). He complained of enduring debilitating pain. (Compl. at 18, 24). He submitted multiple challenges to the non-surgical course of treatment and consistently asked for surgery. (Compl. at 9, 18).

Plaintiff alleges his herniated condition caused him to suffer extreme chronic pain and prevented him from working. (Compl. at 4). The Court finds that the Complaint states a serious medical condition and thereby satisfies the first element of his Eighth Amendment claim. See Jones v. Johnson, 781 F.2d 769, 771-72 (9th Cir. 1986) (held that hernia which caused severe pain and an inability to work stated a serious medical need); see also McGuckin, 947 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

With respect to the second prong of the deliberate indifference analysis, the Court finds that Plaintiff has failed to state a claim. The documents attached to the First Amended Complaint state that surgery was denied because it was not recommended by doctors at California City Correctional Center, where Plaintiff was housed prior to Taft. (Compl. at 9). The records show that doctors prescribed a hernia belt and Tylenol. (Compl. at 14-16). At California City, Plaintiff was assigned to a lower bunk in a cell on

---

[1] "[A] 'court may consider material that the plaintiff properly submitted as part of the complaint . . . .'" Davis v. Calvin, 2008 WL 5869849, *2 (E.D. Cal. Oct. 1, 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

[2] The attachments appear to be at least some of Plaintiff's requests for medical treatment and the prison officials' responses to these requests. However, the majority of the documents were produced by officials at California City Correctional Center, who are not defendants in this action. Only one of the seventeen pages of attachments is signed by a Defendant named in this case.

a lower tier and was instructed to avoid prolonged standing and weight lifting. Id. Upon being transferred to Taft, prison officials endorsed the recommendation for a non-surgical course and assigned Plaintiff to a lower bunk. (Compl. at 9, 15).

The Complaint alleges that California City officials had been in the process of scheduling Plaintiff for the surgery, but before it was done, he was transferred to Taft, where the Defendants reversed course and denied the surgery. (Compl. at 4). He contends this denial violated his Eighth Amendment rights.

The Court may disregard allegations in the complaint that are contradicted by attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998). Plaintiff's allegations that California City doctors prescribed surgery for his hernia are contradicted by the exhibits attached to Plaintiff's First Amended Complaint and will therefore be disregarded. The exhibits clearly show that California City officials did not authorize surgery. Dr. Rucker noted this fact and then concluded "No Surgery at Taft." (Compl. at 9).

Moreover, the fact that other doctors may have felt that surgery was appropriate for Plaintiff's hernia does not necessarily make Defendants' contrary determination deliberate indifference. The medical records from Taft show that Plaintiff was prescribed pain medication, was assigned to a lower bunk, and directed to wear a hernia belt provided by California City medical staff. (Compl. at 9, 15). The Defendants have not delayed or denied treatment to Plaintiff. The fact that Plaintiff disagrees with the course of treatment selected by the Defendants does not satisfy the deliberate indifference requirement for an Eighth Amendment claim.

To the extent Plaintiff is alleging an Eighth Amendment violation based on the course of treatment chosen by his doctors, he has failed to state a cognizable claim. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Accordingly, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need. The Court will give Plaintiff leave to amend his complaint with regard to the alleged inadequate medical care. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need and (2) a deliberately indifferent response to that need on the part of the Defendants. The fact that Plaintiff disagreed with the care he was provided is not sufficient to show a constitutional violation. He must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed August 20, 2010;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **June 30, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated: June 3, 2011

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE