# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MALDONADO, | CASE NO. 1:10-cv-01170-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | (ECF No. 11) |
| NEIL H. ADLER, et al., | |
| Defendants. | |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Antonio Maldonado is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff filed his initial Complaint on July 1, 2010. (ECF No. 1). Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7). Plaintiff's First Amended Complaint, filed August 20, 2010, was dismissed with leave to amend for failure to state any claims upon which relief may be granted. (ECF Nos. 9, 12). Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order.

1

(ECF No. 11).

## II. ARGUMENT

Plaintiff is asking the Court to order medical staff at Taft Correctional Institution to perform surgery on Plaintiff's hernia. Plaintiff alleges that his pain increases as the hernia grows larger in size. He has submitted multiple requests for surgery, but believes that surgery is being denied because his release date is approaching. Plaintiff argues that the medical staff is disregarding prison policy in not treating his condition.

## III. LEGAL STANDARDS

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed.R.Civ.P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions

as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced.

As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### IV. ANALYSIS

The Court may not address the merits of Plaintiff's motion because the Court does not have jurisdiction over the matter. Plaintiff's First Amended Complaint was the operative pleading and was dismissed, with leave to amend, for failure to state any claims upon

3

which relief may be granted. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions. See Velasquez v. Allison, 2009 WL 776994, *1 (E.D. Cal. Mar. 23, 2009). Until and unless the Court finds that plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the Court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks. Calderon v. Woodford, 2009 WL 3381038, *1 (E.D. Cal. Oct. 19, 2009).

Furthermore, as Plaintiff's complaint was dismissed for failure to state upon which relief can be granted, Plaintiff has not shown a probability of likelihood of success on the merits.

The criteria for injunctive relief have not been met, and Plaintiff's Motion for a Temporary Restraining Order, filed October 14, 2010, must be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: June 7, 2011            /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE