# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTONIO MALDONADO, | 1:10-cv-01170-MJS (PC) |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| NEIL H. ADLER, et al., | CLERK SHALL ENTER JUDGMENT |
| Defendants. | |

_____/

Plaintiff Antonio Maldonado ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff and Defendants have consented to jurisdiction by a Magistrate Judge. (ECF Nos. 6 and 7.)

Plaintiff initiated this action on July 1, 2010. (ECF No. 1.) Defendants filed a Notice of Appearance on July 9, 2010. (ECF No. 5.) Plaintiff filed a First Amended Complaint on August 20, 2010 (ECF No. 9), which the Court screened on June 6, 2011 (ECF No. 12). In its Screening Order, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and gave him leave to file an amended complaint. (Id.) On June 15, 2011, the Court's June 6 Order was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

On June 8, 2011, the Court denied Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 13.) This Order also was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to

1  keep the Court apprised of his or her current address at all times.  Local Rule 183(b)
2  provides, in pertinent part:

3  > If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails
4  > to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss
5  > the action without prejudice for failure to prosecute.

6  In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he
7  has not notified the Court of a current address

8       A court may dismiss an action, with prejudice, based on a party's failure to
9  prosecute an action, failure to obey a court order, or failure to comply with local rules.
10  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
11  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
12  1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
13  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
14  local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.
15  Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
16  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
17  lack of prosecution and failure to comply with local rules).  Plaintiff's failure to respond or
18  otherwise proceed with this action constitutes a lack of prosecution.

19       In determining whether to dismiss an action for lack of prosecution, a court must
20  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
21  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
22  public policy favoring disposition of cases on their merits; and (5) the availability of less
23  drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.
24  King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in
25  expeditiously resolving this litigation and the Court's interest in managing its docket weigh
26  in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on
27  Plaintiff's failure to notify the Court of his address.  The third factor, risk of prejudice to
28  defendants, also weighs in favor of dismissal, since a presumption of injury arises from

1 the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, this action is HEREBY DISMISSED without prejudice based on Plaintiff's failure to prosecute. The Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   September 1, 2011            /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE